Jennifer DAVIDSON, Plaintiff,

v.

KIMBERLY–CLARK CORPORATION, et al., Defendants.

No. C 14–1783 PJH

United States District Court, N.D. California.

Signed December 19, 2014

Seth Adam Safier, Adam Gutride, Kristen Gelinas Simplicio, Marie Ann McCrary, Gutride Safier LLP, San Francisco, CA, for Plaintiff.

Amy P. Lally, Emily Z. Culbertson, Sidley Austin Brown & Wood LLP, Los Angeles, CA, Naomi Ariel Igra, Sidley Austin LLP, San Francisco, CA, for Defendants.

## ORDER GRANTING MOTION TO DISMISS

PHYLLIS J. HAMILTON, United States District Judge

Defendants' motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing the first amended complaint came on for hearing on November 12, 2014. Plaintiff appeared by her counsel Adam Gutride, and defendants appeared by their counsel Amy Lally. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows.

## BACKGROUND

Plaintiff Jennifer Davidson alleges that defendants Kimberly–Clark Corporation, Kimberly–Clark Worldwide, Inc.; and Kimberly–Clark Global Sales LLC ("Kimberly–Clark" or "defendants") falsely advertised that four cleansing cloths/"wipes" they manufacture and sell are "flushable." First Amended Complaint ("FAC") ¶¶ 17, 19–25, 31–38. The four products at issue are Kleenex® Cottonelle® Fresh Care Flushable Wipes & Cleansing Cloths, Scott Naturals® Flushable Moist Wipes, Huggies® Pull–Ups® Flushable Moist Wipes, and U by Kotex® Refresh flushable wipes. FAC ¶ 17.

Plaintiff asserts that "[r]easonable consumers understand the word 'flushable' to mean suitable for disposal down a toilet." FAC ¶ 18. Plaintiff asserts that the four Kimberly–Clark products are not in fact "flushable" under that definition. *Id.* She believes that after the wipes are flushed down a toilet, they fail to "disperse," with the result that they may clog municipal sewer systems and septic systems, and/or damage pipes and sewage pumps. *See* FAC ¶¶ 18, 39. Indeed, she claims that the defendants' flushable wipes are designed so as to "not break down easily when submersed in water." FAC ¶ 40.

At some point in 2013, plaintiff purchased one of the products at issue—Scott Naturals® Flushable Moist Wipes (also referred to as Scott Naturals® Flushable Cleansing Cloths)—which at the time she believed had been "specially designed to be suitable for flushing down toilets ... [without] caus[ing] problems in her plumbing or at the water treatment plant." FAC ¶ 52.

She does not allege that her use of the wipes caused plumbing problems. Instead, she simply asserts that after "several uses of the wipes," she "began to become concerned that they were not truly flushable, [and] so stopped flushing the wipes and stopped using the product altogether." FAC ¶ 53. She has not purchased any of defendants' "flushable" products since that time, FAC ¶ 55 (and indeed bought the Scott Naturals® product on only the one occasion "[i]n 2013").

Plaintiff asserts that she would not have purchased the Scott Naturals® wipes had defendants not misrepresented "the true nature" of their "flushable" products—or, at a minimum, would have paid less for the Scott Naturals® product because she would not have obtained the benefit of being able to flush it, FAC ¶ 56 (even though she did flush it).

Plaintiff filed the original complaint in this case on March 13, 2014 in the Superi-

or Court of California, County of San Francisco, as a proposed class action. Plaintiff asserts violations of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq., and the False Advertising Act ("FAL"), Cal. Bus. & Prof.Code § 17500 et seq.; common law fraud, deceit and/or misrepresentation; and unlawful, unfair, and deceptive trade practices, in violation of Cal. Bus. & Prof.Code § 17200 et seq. ("UCL").

Plaintiff claims that the four products at issue are deceptively advertised as "flushable," FAC ¶¶ 35–38; that they are all manufactured "using the same proprietary paper blend, for which [d]efendants own the patent," FAC ¶ 40; and that they were all subjected to the same "flawed" tests used for setting the "guidelines" for determining whether a product is "flushable," FAC ¶¶ 41–47. She asserts that wipes that are not truly "flushable" are the cause of numerous problems at municipal sewage treatment facilities. FAC ¶¶ 48–51.

Defendants removed the case on April 17, 2014, asserting jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). They subsequently moved to dismiss the complaint and strike certain allegations in the complaint. On August 8, 2014, the court issued an order granting the motion in part and denying it in part.

The court denied the motion to dismiss the statutory UCL/FAL/CLRA causes of action for lack of subject matter jurisdiction (failure to allege Article III and statutory standing), with the exception of the claim for prospective injunctive relief, for which the court found plaintiff had no standing.

The court granted the motion to dismiss the statutory claims for failure to allege fraud with particularity as to affirmative misrepresentations, with leave to amend, to plead facts showing that defendants made false statements, and that she relied on the alleged misrepresentations. The court denied the motion to dismiss the statutory claims for failure to state a claim of fraudulent omissions, finding that it was unclear whether plaintiff's claim was that the alleged omission of information explaining the meaning of "flushable" was actionable because it was contrary to an affirmative representation made by defendants, or that it was actionable because defendants had a duty to disclose to her (and/or the public) that the wipes might not completely disperse by the time they arrived at the wastewater treatment plant.

The court granted the motion to strike as irrelevant the allegations regarding sewage/septic systems and municipal wastewater treatment plants in locations other than the city where plaintiff lives (San Francisco, California). The court denied the motion to strike allegations regarding products plaintiff did not purchase and advertising she did not view, on the ground that those allegations might possibly be relevant to the question whether plaintiff can assert UCL/FAL/CLRA claims on behalf of a proposed class as to such products or advertising.

Plaintiff filed the FAC on September 5, 2014, alleging the same four causes of action as in the original complaint. Under the CLRA claim, plaintiff seeks restitution, injunctive relief, actual damages, punitive damages, and statutory damages, on her behalf and on behalf of the other members of the proposed class. Under the UCL/FAL claims, plaintiff seeks restitution and injunctive relief, on her own behalf and on behalf of the other members of the proposed class. Under the fraud claim, plaintiff seeks compensatory damages and punitive damages, on her own behalf and on behalf of the other members of the proposed class. On all four causes of action, plaintiff seeks on her own behalf and on

behalf of the other members of the proposed class "and the general public," attorney's fees under the CLRA and California Code of Civil Procedure § 1021.5, plus costs of suit.

Defendants now seek an order dismissing the FAC for lack of subject matter jurisdiction and failure to state a claim, and striking certain allegations in the FAC.

## DISCUSSION

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

#### 1. Legal standard

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate—those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 380–81, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The court is under a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673.

 Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III" of the United States Constitution. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To establish a "case or controversy" within the meaning of Article III, a plaintiff must, at an "irreducible minimum," show an "injury in fact" which is concrete and not conjectural, as well as actual or imminent; a causal causation between the injury and defendant's

conduct or omissions; and a likelihood that the injury will be redressed by a favorable decision. *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 149, 130 S.Ct. 2743, 177 L.Ed.2d 461 (2010); *Lujan,* 504 U.S. at 560–61, 112 S.Ct. 2130. Standing is not subject to waiver, and must be considered by the court even if the parties fail to raise it. *See United States v. Hays,* 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995).

#### 2. Defendants' Motion

In the prior order, the court found that plaintiff lacked standing to seek prospective injunctive relief because she failed to allege facts showing she intended to purchase the product at issue in the future—and more importantly, actually indicated that she would not purchase any of defendants' "flushable" products in the future. Aug. 8, 2014 Order, at 6–9. Although the court did not specify that the dismissal of the claims for prospective injunctive relief was with prejudice, it seemed clear to the court that any amendment would be futile. Nevertheless, the FAC again seeks prospective injunctive relief. Defendants argue that the court should dismiss the injunctive relief claims for the same reason as stated in the prior order.

The court finds that the FAC fails to allege sufficient facts to show standing to seek injunctive relief. In a new section of the FAC, plaintiff alleges that she "continues to desire to purchase wipes that are suitable for disposal in a household toilet" and that she "would purchase truly flushable wipes manufactured by [d]efendants if it were possible to determine prior to purchase if the wipes were suitable to be flushed." *See* FAC ¶ 57. She claims that she "regularly visits stores such as Safeway," where defendants' "flushable" wipes are sold, but has been "unable to deter-

mine the flushability of the wipes on the shelves." *Id.* She "knows that the design and construction of the [f]lushable [w]ipes may change over time, as [d]efendants use different technology or respond to pressure from legislatures, government agencies, competitors, or environmental organizations," but as long as defendants use "flushable" to describe wipes that are not in her opinion, flushable, she will continue to have no way of knowing whether the representation "flushable" is true or not. *Id.*

Based on these "new" allegations, plaintiff asserts in her opposition to the motion that as long as defendants continue to deny her accurate information about products she wishes to purchase, the ongoing "injury in fact" is sufficient to confer standing. Plaintiff contends that even if she does not have statutory standing because she has not alleged a likelihood of future loss of money or property, she has adequately alleged Article III standing based on a continuing constitutional "injury in fact" based on a "credible threat that defendants' ongoing violations of California's consumer protection laws" will cause her injury.

Plaintiff claims that courts in this district have granted injunctive relief "in identical circumstances." In support, she cites three "food" cases—*Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D.Cal.2012); *Henderson v. Gruma Corp.*, 2011 WL 1362188 at *8 (C.D.Cal. Apr. 11, 2011); and *Brazil v. Dole Packaged Foods, LLC.*, 2014 WL 2466559 (N.D.Cal. May 30, 2014). She does not explain, however, how those cases are "identical" to the present case.

The court finds that the motion must be GRANTED. As stated in the prior order, plaintiff lacks standing to assert a claim for prospective injunctive relief, as she has indicated she has no intention of purchasing the same Kimberley–Clark product in the future. Thus, leave to amend would be futile. Plaintiff alleges that the product at issue is not "flushable," and that she wishes to purchase a product that is truly "flushable." Given that she has concluded that the "flushable" wipes at issue in this case are not truly "flushable," any such product that she would be willing to purchase would necessarily be a product with a different design and construction, not the product at issue here. *See* FAC ¶¶ 53, 54, 57. Just as the court found with regard to the original complaint, plaintiff wants to purchase *different* wipes, not the same wipes again.

Moreover, the threat of future harm alleged in the FAC is that Kimberly–Clark *might* redesign its product in the future, and that plaintiff *might* not know that the product has been redesigned to be more "flushable," and that she *might* not purchase it. *See* FAC ¶ 57. This is exactly the type of conjectural or hypothetical injury for which a plaintiff does not have standing. *See, e.g., Mayfield v. U.S.*, 599 F.3d 964, 970 (9th Cir.2010); *Profant v. Have Trunk Will Travel*, 2011 WL 6034370 at *5 (C.D.Cal. Nov. 29, 2011).

Unlike the plaintiffs in the cases cited by plaintiff in her opposition, plaintiff is not likely to purchase the Scott Wipes if the "flushable" label is simply removed, given that she stopped using the wipes after she made the determination that they were not "flushable." The allegations in the FAC make clear that plaintiff does not want a non-"flushable" wipe, and that she would not have purchased the Scott wipes had she known they were not "flushable" under her definition. Thus, even if Kimberly–Clark removed the "flushable" label and even if it charged less for the product, plaintiff would still not buy it because she believes it is not flushable.

Courts have found in *Ries* and other "food" cases that the product might still be purchased by the plaintiff if properly labeled. However, where a plaintiff has no intention of purchasing the product in the future, a majority of district courts have held that the plaintiff has no standing to seek prospective injunctive relief, and some have also held that a plaintiff who is aware of allegedly misleading advertising has no standing to seek prospective injunctive relief. *See, e.g., Rahman v. Mott's LLP,* 2014 WL 5282106 at *5–6 (N.D.Cal. Oct. 15, 2014) (discussing issue and citing cases); *In re ConAgra Foods, Inc.,* 2014 WL 4104405 at * 27–29, 302 F.R.D. 537 (C.D.Cal. Aug. 1, 2014) (same, in context of motion to certify Rule 23(b)(2) class).

In addition, in cases such as this one, involving claims that a product does not work or perform as advertised, where the plaintiff clearly will not purchase the product again, courts have found no risk of future harm and no basis for prospective injunctive relief. *See, e.g., Delarosa v. Boiron,* 2012 WL 8716658 at *5 (C.D.Cal. Dec. 28, 2012) (advertising for homeopathic medication was false because product did not perform as advertised, but plaintiffs would not buy product in future because in their view it did not work); *Castagnola v. Hewlett–Packard Co.,* 2012 WL 2159385 at *5 (N.D.Cal. June 13, 2012) (consumers signed up on website for "membership" with monthly fees for service they thought was free had no standing to seek injunctive relief where they did not want to be signed up for the paid service and had no intention to continue with it).

Here, plaintiff wants to purchase only those wipes that she has determined to be "flushable," and since she has determined that the Scott Wipes are not "flushable" under her definition, she will not purchase them. Were Kimberly–Clark to redesign the product to satisfy plaintiff's definition

of "flushable," it would not be the same product (unlike a food product where the "all natural" label is removed, or even where, *e.g.,* high fructose corn syrup is replaced by sugar but the product remains essentially the same). Here, if plaintiff's allegations are accepted as true, the design of the Kimberly–Clark products at issue precludes any of them from being considered "flushable" (under plaintiff's definition), and she will therefore not purchase the wipes. Thus, plaintiff lacks standing to seek prospective injunctive relief as to the products at issue.

### B. Motion to Dismiss for Failure to State a Claim

#### 1. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1199–1200 (9th Cir.2003). Review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.,* 69 F.3d 381, 385 (9th Cir.1995). Federal Rule of Civil Procedure 8 requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.,* 729 F.3d 953, 959 (9th Cir.2013). While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir.2008).

The allegations in the complaint "must be enough to raise a right to relief above the speculative level," and a motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 558–59, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations and quotations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679, 129 S.Ct. 1937. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. *See Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir.2005).

■ Although the court generally may not consider material outside the pleadings when resolving a motion to dismiss for failure to state a claim, the court may consider matters that are properly the subject of judicial notice. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.2001). Additionally, the court may consider exhibits attached to the complaint, *see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1989), as well as documents referenced extensively in the complaint and documents that form the basis of a the plaintiff's claims. *See No. 84 Employer–Teamster Jt. Counsel Pension Tr. Fund v. America West Holding Corp.*, 320 F.3d 920, 925 n. 2 (9th Cir.2003).

■■ Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007) ("Under Rule 9(b), falsity must be pled with specificity, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."). The plaintiff must do more than simply allege the neutral facts necessary to identify the transaction; he must also explain why the disputed statement was untrue or misleading at the time it was made. *Yourish v. California Amplifier*, 191 F.3d 983, 992–93 (9th Cir.1999). "[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged "so that they can defend against the charge and not just deny that they have done anything wrong." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir.2010) (citation and quotation omitted).

### 2. Defendants' motion

In the order regarding the motion to dismiss the original complaint, the court dismissed the UCL/FAL and CLRA causes of action, finding that plaintiff had failed to allege facts showing reliance on any alleged misrepresentations. The court found that plaintiff did not allege in the complaint that she had seen any of defendants' advertisements or websites—let alone that she relied on any of them in deciding to make her purchase. The court found that plaintiff had alleged only that she based her decision to purchase the Scott Naturals® wipes on the representation on the package that they were "flushable."

In addition, the court noted, plaintiff alleged no facts showing how she came to believe that the Scott product was not

"flushable." She did not allege that she herself experienced any problems flushing the product down the toilet, or that the product caused any blockage or clogging in her pipes. She asserted only that after several uses of the wipes she "began to seriously doubt that they were truly flushable."

■ In the present motion, defendants again argue that the complaint should be dismissed under Rule 9(b) for failure to allege fraud with particularity, and that the dismissal should be with prejudice because the FAC includes the same deficiencies as the original complaint. Defendants assert that the FAC does not sufficiently plead that the challenged representation—that the wipes were "flushable"—was false. They also contend that because the FAC fails to allege sufficient facts showing that Kimberly–Clark's specific products (as opposed to other products) are not suitable for flushing in municipal sewer systems (like plaintiff's), her economic damages theory fails.

■ Finally, defendants assert that the FAC fails to state a claim based on alleged fraudulent omissions. In order to state a claim of fraudulent omissions under the UCL/FAL, CLRA, or as a claim of common law fraud, a plaintiff must allege facts either showing that the alleged omissions are "contrary to a representation actually made by the defendant, or showing an omission of a fact the defendant was obliged to disclose." *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 835, 51 Cal.Rptr.3d 118 (2006); *see also Lovejoy v. AT & T Corp.*, 92 Cal. App.4th 85, 96, 92 Cal.App.4th 1016F, 111 Cal.Rptr.2d 711 (2001).

In the FAC, plaintiff amended her allegation to include the following basis for the fraudulent omissions claim:

If [d]efendants informed consumers that the Flushable Wipes were not suitable for flushing down a toilet, and that doing so created a substantial risk that the consumers would clog or damage their household plumbing, or clog, damage and increase the costs of municipal sewage treatment systems (which they bear as taxpayer and ratepayers), they would not pay the premium, but rather, would opt to purchase the cheaper items not labeled "flushable."

FAC ¶ 30.

Defendants argue that, assuming that "flushable" is (as plaintiffs argue) reasonably defined as meaning "suitable for flushing down a toilet," the FAC clarifies that the fraudulent omissions claim is premised on defendants' alleged omission of "facts" contrary to the "flushable" representation, specifically the "fact" that flushing the wipes "created a substantial risk that consumers would clog or damage their household plumbing, or clog, damage and increase the costs of municipal sewage treatment systems (which they bear as taxpayer and ratepayers)" as alleged in FAC ¶ 30.

Defendants contend, therefore, that in order to survive a motion to dismiss under Rule 12(b)(6) and Rule 9, the FAC must allege facts to support the conclusion that Kimberly–Clark's wipes "created a substantial risk that the consumers would clog or damage their household plumbing, or clog, damage and increase the costs of municipal sewage treatment systems." Here, defendants argue, plaintiff has alleged no facts to support this conclusion as to the specific products manufactured by Kimberly–Clark, and it would not be reasonable for the court to infer any facts to support this conclusion in light of judicially noticeable facts to the contrary (citing a statement by a municipal sewer authority in New Jersey, which they have attached

to their Request for Judicial Notice ("RJN"), that Kimberly–Clark's "flushable" wipes were the only ones that passed the authority's test of dispersability).

In opposition, plaintiff asserts that the FAC pleads facts sufficient to state a claim for violations of the UCL/FAL and CLRA, and a claim for common law fraud. Plaintiff argues that the FAC specifically pleads that she viewed the package for Scott Naturals® wipes in a San Francisco Safeway in 2013, where she read, and relied upon, the word "flushable" and noticed that the Scott wipes were more expensive than the wipes that were not labeled "flushable;" and that on the basis of that "misrepresentation," she was led to believe that the product was suitable for disposal down a household toilet, when it was not. She asserts that her claims and injuries are premised on her reliance on the single word "flushable" on the Scott Naturals® product packaging (as detailed in FAC ¶ 52) and not on any other representations alleged in the FAC.

With regard to defendants' assertion that the FAC fails to allege facts showing that the claim that defendants' wipes were "flushable" was false, plaintiff cites to allegations regarding three U.S. cities and "many other consumers" who found defendants' wipes to be unsuitable for flushing because they clogged household plumbing and municipal treatment systems (citing FAC ¶¶ 49–51, 58). She also points to allegations explaining that proper and immediate dispersing is an essential element of a material's suitability for flushing (citing FAC ¶ 34); describing the "special proprietary paper" used by defendants to manufacture their wipes, which paper is designed to sit in a wet environment for months without breaking apart, and which therefore cannot disperse efficiently when flushed down a toilet (citing FAC ¶ 40); referring to videos on defendants' websites showing that the wipes take hours to disperse (citing FAC ¶ 44 [1]); and asserting that plaintiff herself observed that defendants' wipes did not "disperse properly" in the toilet prior to being flushed (citing FAC ¶ 53).

Plaintiff also cites to defendants' alleged use of a "flawed technology"—a "flushability test" that she claims does not really measure whether the wipes are suitable for flushing (citing FAC ¶¶ 41–47). She contends that the test—which was developed by the Association of Nonwoven Fabrics Industry—does not mimic real-world conditions because the water in the tests is agitated more strongly than is the water at the wastewater treatment plants; because the tests fail to take into account the wipes' propensity for "ragging" or becoming tangled with one another; and because the tests assume that wipes will take significant time to reach wastewater treatment plant, whereas in plaintiff's view the journey may take only "a few minutes."

Finally, plaintiff argues that her omission-based claims are properly pled. She agrees with defendants' position that the new allegations in the FAC clarify that she is proceeding solely under the theory that the alleged omission was contrary to a representation made by the defendants—that their wipes are "flushable." She asserts that as pled in the FAC, there is only one proper definition of the word "flushable"—*i.e.*, "suitable for disposal by flushing down a toilet" (citing FAC ¶¶ 31–35).

Plaintiff concedes that the representation that the wipes were "flushable" might be true if the word were defined as meaning "capable of being flushed," but she

---

1. The referenced Kimberly–Clark website distinguishes between wipes that should not be flushed and wipes that can be flushed. The videos claim that defendants' flushable wipes "break apart with minimum agitation in just under two hours."

argues that the use of this word would still be misleading to a reasonable consumer because that consumer might understand the word to mean "suitable for being flushed." She claims that the wipes are not (in her view) "suitable for being flushed" because of the risk of damage to household plumbing and municipal wastewater treatment systems. She asserts that it was a material omission "to fail to tell her how [d]efendants were defining 'flushable' and that the wipes were not actually suitable for disposal via toilet because of the risk of damage to household plumbing and municipal sewage treatment systems."

The court finds that defendants' motion must be GRANTED. Plaintiff has failed to correct the deficiencies of the original complaint, and the FAC is also deficient in other ways identified by defendants. Assuming for the sake of argument that plaintiff has adequately pled that she relied on the single word "flushable" on the product packaging for the Scott Naturals® wipes that she purchased, the court finds that she has still not alleged facts showing that the representation "flushable" is false or misleading as to the Scott Naturals® product or as to any of the other three Kimberly–Clark products at issue. It is not enough for her to simply claim that it is false—she must allege facts showing *why* it is false. *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false.").

Having personally experienced no problems with her plumbing on account of her use of the Scott Naturals® wipes or any of the products at issue, plaintiff must point to some other specific facts showing that the designation "flushable" is false. Plaintiff has failed to do this. She cites to articles on the Internet that discuss problems with clogs and blockages at wastewater treatment plants in various locations in the United States, but those problems appear to have had a number of causes—including people flushing "non-flushable" wipes or other "non-flushable" materials down the toilet.

Plaintiff asserts that "[m]unicipalities all over the country have experienced numerous problems that have been tied specifically to [d]efendants' [f]lushable [w]ipes." FAC ¶ 48. She bases this allegation on television news reports originating in three local news markets—Bakersfield CA, Jacksonville FL, and San Antonio TX (though not San Francisco, the city where plaintiff lives)—in which the reporters opined that "flushable" wipes, including those manufactured by Kimberly–Clark and numerous other companies, have caused clogs and blockages in residential plumbing systems and at local sewage treatment plants. *See* FAC ¶¶ 49–51.

However, the FAC also cites news articles stating that problems at municipal wastewater treatment plants are caused by consumers who dispose of non-flushable wipes (and other objects not intended to be flushed, such as diapers, rags, towels, hair, cigarette butts, kitty litter, and doggy waste bags) into sewer systems. *See* FAC ¶ 34. In addition, the FAC acknowledges that issues involving wipes at wastewater treatment plants are caused by wipes interacting with non-flushable items (such as debris) in the water treatment system. *See* FAC ¶¶ 18, 46.

Plaintiff also bases the allegation of falsity on statements by "consumers" who allegedly posted complaints on a Cottonelle® website (which currently cannot be accessed). The comments as quoted by plaintiff are vague and lacking in detail, and also appear to involve allegations of damage to the consumers' septic systems, not municipal sewer systems. *See* FAC

¶ 58. These references do not satisfy plaintiff's obligation to plead with specificity how the "flushable" representation was false and caused the damage. The comments do not specify when the consumer used the product and how many times, how the consumer used the product, and the other "who, what, when, where, and how" of the misconduct that must be alleged in the complaint. Without those details, plaintiff's statement that the wipes are not "flushable" is nothing more than an unwarranted conclusion.

In short, plaintiff has failed to plead with particularity how Kimberly–Clark's wipes are not flushable. She alleges that she flushed the wipes—thus, the designation "flushable" is literally true—but she does not allege that they caused problems with her plumbing system, or even issues with her sewer system. Such allegations might be relevant to her definition of "flushable" as "suitable for disposal down a toilet," but the references to other people's plumbing issues or to other cities' wastewater treatment systems are not sufficiently detailed to meet the pleading standard. *See In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994) (plaintiff required to plead with particularity "why the statement or omission complained of was false or misleading").

Plaintiff also criticizes the tests Kimberly–Clark has performed on its "flushable" wipes (documented in videos on its website), claiming that the tests are worthless because they do not mimic what she calls "real-world conditions." Specifically, she claims that the water is agitated more strongly in the tests than at the wastewater treatment plants; that the tests fail to take into account what she asserts is the wipes' propensity for "ragging" or becoming tangled with one another; and that the tests assume that wipes will take significant time to reach the wastewater treat-

ment plant, whereas in plaintiff's view the journey may take only "a few minutes." If anything, plaintiff's discussion of the tests Kimberly–Clark conducted on its products underscores the fact that it would be impossible for any factfinder to determine whether the wipes are "flushable" under plaintiff's definition because of the differences and variations among types of wipes, operation of wastewater or septic treatment systems in different locations, and pipes and drainage systems.

Plaintiff's failure to plead facts showing why the designation "flushable" is false as applied to the Kimberly–Clark products at issue means that the complaint must be dismissed under Rule 9(b). *Id.* at 1107–08. She essentially alleges that using the designation "flushable" is false because the wipes are not flushable—in other words, saying that the wipes are "flushable" is false because it is not true. That is simply a circular argument, not an explanation of why the designation is false.

 As for the fraudulent omissions claim, plaintiff is required to plead facts showing with particularity that the wipes at issue are not suitable for flushing down a toilet because they create a substantial risk that consumers will clog or damage their plumbing, and that defendants failed to disclose that fact. However, the only allegations plaintiff proffers in support of her conclusory claim that Kimberly–Clark's wipes are not "suitable for flushing" are the general allegations noted above—that news reporters in three cities stated that some wipes (not necessarily flushable wipes and not necessarily Kimberly–Clark wipes) have caused clogs or blockages in their local wastewater systems; and that a few purported consumers posted comments on Kimberly–Clark's website saying the wipes clogged their rural plumbing/septic systems (though they provided no details as to what products

they purchased, when or how they used them, or how they claim the clogs were caused by Kimberly–Clark's wipes). This is not sufficient to plead the fraudulent omission claim with specificity under Rule 9, and is not even sufficient to meet the pleading requirements of Rule 8.

Finally, where—as here—a consumer fails to allege facts showing that he/she experienced any harm resulting from product use, the consumer has failed to allege damage under the UCL/FAL/CLRA or common law fraud. *See Herrington v. Johnson & Johnson Consumer Companies, Inc.*, 2010 WL 3448531 at *8–12 (N.D.Cal. Sept. 1, 2010) (because the plaintiffs did not allege facts showing that the level of particular chemicals in the defendants' products caused them or their children harm, "under the objective test for materiality, the alleged non-disclosures are not actionable").

## CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is GRANTED. The FAC fails to state a claim for relief that is plausible on its face. Because plaintiff was previously been given leave to amend to correct the deficiencies in the complaint, and failed to do so, the court finds that further leave to amend would be futile. Based on this order, the court finds further that the motion to strike certain allegations in the FAC is moot.

**IT IS SO ORDERED.**